**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:19-cr-0051** |
| | ) | |
| KEMO RILEY, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

**BEFORE THE COURT** is Defendant Kemo Riley's Motion to Appear at Sentencing via Videoconference, filed on August 19, 2020. For the reasons stated below, the Court will grant the motion.

On July 19, 2019, the United States filed a two-count information charging Kemo Riley ("Riley") with both possession with intent to distribute cocaine and conspiracy to do the same. On February 4, 2020, the United States filed a superseding two-count information alleging the same conduct. That same day on February 4, 2020, Riley withdrew his previously entered not-guilty plea and pled guilty to Count I of the superseding information. Sentencing was initially scheduled for June 4, 2020, continued to July 2, 2020, continued again to August 6, 2020, and again continued to October 8, 2020.

On August 19, 2020, Riley filed his instant motion (ECF No. 60) seeking leave to appear at sentencing via videoconferencing.

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with

counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2),

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing to conduct felony sentencing for a period of 90 days. On July 8, 2020, the Chief Judge of the District Court of the Virgin Islands entered an order extending the April 9, 2020 Order for another 90-day period unless terminated earlier.

The "court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). Without an end, or even an abatement, in sight to the ongoing COVID-19 pandemic, the indefinite delay of these sentencing hearings "would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal

*United States v. Riley*
Case No. 3:19-cr-0051
Order
Page **3** of **4**

operations resume." *E.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020).

The continued delays to in-person proceedings, and their resultant backlog of cases, undermine the Court's ability to efficiently manage its docket. This inefficiency consequently weighs heavily against the public's interest in judicial economy. *See In re Modafinil Antitrust Litigation*, 837 F.3d 238, 268 (3d Cir. 2016) ("'Judicial economy' means '[e]fficiency in the operation of the courts and the judicial system… .") (Rendell, J., concurring in part). Thus, Rule 32(b)(1)'s requirement that a sentence be imposed without unnecessary delay intertwines considerations of judicial economy with the interest of justice, particularly in the abnormal context of the COVID-19 pandemic. *Cf. In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) ("public interests… derive from 'the interest of justice.'… We regard these public interests to include judicial economy considerations.") (internal citations omitted).

Moreover, Riley notes that he has been incarcerated "since February 11, 2020," and that if his "sentencing goes forward on October 8, 2020, he will have been incarcerated for approximately eight (8) months." ECF No. 60, at 2. Riley further notes that in his plea agreement, the Government "has agreed to recommend ten (10) months." *Id.* While the Court is not obligated to accept the Government's recommendation of a sentence at the low-end of the applicable guideline range, it still merits consideration that, should the Court accept the Government's recommendation, Riley will have served eighty percent of his sentence at the time of his sentencing. In fact, even if the Court determines that a sentence at the high end of the guideline is appropriate, Riley still will have served eight months out of a sixteen month sentence, making him eligible for priority consideration for early release to home confinement. *See id.* at 3 (citing *Martinez-Brooks et al. v. Carvajal*, 3:20-cv-0569 [ECF No. 30], at 23 (D. Conn. May 12, 2020)). Considering the ongoing COVID-19 pandemic and Riley's potential eligibility for release to decidedly lower-risk home confinement once sentenced, further delaying Riley's sentencing hearing in this case does not appear to be consistent with promoting the interests of justice.

*United States v. Riley*
Case No. 3:19-cr-0051
Order
Page **4** of **4**

Here, the interests of justice necessarily cannot be served by unduly delaying a defendant's sentencing once a guilty plea has been entered. *Cf. Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n. 8 (1987) ("The interests of judicial economy and the avoidance of delay, rather than being hindered, would be best served by resolving the issue."). Where a defendant has, as Riley has in this case, consented to sentencing by video teleconferencing through counsel (ECF No. 60), such an indefinite delay causes continued serious harm to the public's interest in judicial economy, and by extension, the interests of justice. *Cf. Howmedica*, 867 F.3d at 402.

The premises considered, it is hereby

**ORDERED** that Riley's Motion (ECF No. 60) is **GRANTED**; it is further

**ORDERED** that Riley shall be permitted to attend his October 8, 2020, sentencing hearing by video teleconferencing; and it is further

**ORDERED** that the public may access the audio of the video conference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

**Date:** August 31, 2020                                        */s/ Robert A. Molloy*
                                                                **ROBERT A. MOLLOY**
                                                                **District Judge**